SUMMARY ORDER

Petitioner Li Ming Lin, a native and citizen of the People’s Republic of China, seeks review of an October 16, 2008 order of the BIA affirming the February 26, 2007 decision of Immigration Judge (“IJ”) Terry Bain, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Li Ming Lin, No. A98 559 951 (B.I.A. Oct. 16, 2008), aff'g No. A98 559 951 (Immig. Ct. N.Y. City Feb. 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Under 8 U.S.C. § 1101(a)(42), an applicant is required to demonstrate that any past persecution or a well-founded fear of persecution is on account of his or her race, religion, nationality, political opinion, or particular social group. See also 8 U.S.C. § 1158(b)(1)(B)(i). Lin asserts that she suffered past persecution on account of her membership in a particular social group and that she has a well-founded fear of persecution on account of an imputed political opinion. We decline to consider her membership in a particular social group argument as she failed to raise it before the agency. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
*57 To the extent that she challenges the agency’s denial of asylum and withholding of removal based on political opinion, her argument is without merit. Lin asserts that her mother’s opposition to “corruption and abuse of power” will be imputed to her, and thus “she will suffer persecution as a consequence.” The BIA, however, reasonably concluded that the actions of the village chief against her mother were “personal in nature.” See Osorio v. INS, 18 F.3d 1017, 1025 (2d Cir.1994). Moreover, where a petitioner claims to have been persecuted or to fear persecution based on her opposition to corruption, to determine whether such opposition constitutes political opinion we must address “whether the applicant’s actions were directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance.” Yueqing Zhang v. Gonzales, 426 F.3d 540, 548 (2d Cir.2005) (citation and internal quotation marks omitted). Here, the agency reasonably concluded that Lin’s mother opposed the actions of a corrupt village official, rather than the institution as a whole. Lin also failed to demonstrate that her mother’s detention was politically motivated, and that if it was, it rose to the level of persecution. See Osorio, 18 F.3d at 1025; see, e.g., Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005), overruled on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007). Accordingly, substantial evidence supports the agency’s finding that Lin failed to demonstrate the requisite nexus.
Finally, Lin’s argument that she is eligible for CAT relief because she illegally departed China is without merit.[2] See Lin Zhong, 480 F.3d at 126 n. 26. It is well-settled that a petitioner whose CAT claim is based on his illegal departure from China is required to present particularized evidence suggesting, if repatriated, he will “more likely than not be subjected to torture.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 157-158 (2d Cir. 2005). Thus, the BIA properly concluded that Lin failed to present “objective evidence ... to demonstrate that it is more likely than not that [she] would be tortured by a foreign government, or with its acquiescence, upon removal.”
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The Government asserts that we cannot consider Lin’s CAT claim because she failed to exhaust it before the BIA. While Lin did not challenge the IJ's denial of her CAT claim in her brief to the BIA, the BIA addressed her CAT claim, thus excusing her failure to exhaust. See Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006); Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994).